Filed 5/30/13  P. v. Hager CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056921 |
| v. | (Super.Ct.No. FVI1000934) |
| CRAIG JACOB HAGER, | E056923 |
| Defendant and Appellant. | (Super.Ct.No. FVI1201823) |
| | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Steve Malone, and Jules E. Fleuret, Judges.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

*A. Case FVI1000934*

On April 23, 2010, a complaint charged defendant and appellant Craig Jacob Hagar with making criminal threats under Penal Code[1] section 422 (count 1); stalking under section 646.9, subdivision (a) (count 2); and making annoying telephone calls under section 653m, subdivision (a), a misdemeanor (count 3).

On August 9, 2010, defendant entered into a plea agreement wherein he pled no contest to count 2, stalking, in exchange for the dismissal of the remaining counts and a stipulated grant of probation, with conditions that included serving 270 days in county jail. On September 10, 2010, the trial court granted defendant 36 months of supervised probation, with conditions that included serving 270 days in county jail, with actual presentence credits of 71 days, plus conduct credits under section 4019.

On July 18, 2012, the probation department filed a petition to revoke defendant's probation on the grounds that (1) defendant had been arrested on July 16, 2012, for receiving stolen property (§ 496, subd. (a)), and (2) that defendant had moved from his place of residence without notifying his probation officer. On July 26, 2012, defendant admitted the second alleged probation violation, that he had moved from his place of residence without notifying his probation officer of his current address. The court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

reinstated probation with conditions that included serving 365 days in county jail, with credit for 147 actual days, plus conduct credits under section 4019.

Defendant filed a timely notice of appeal "after a contested violation of probation." Defendant requested a certificate of probable cause, which the court denied. Thereafter, appellate counsel filed an amended notice of appeal challenging "the sentence or other matters occurring after the plea."

*B. Case FVI1201823*

On July 17, 2012, a complaint charged defendant with vandalism causing over $400 in damages under section 594, subdivision (b)(1) (count 2), and receiving stolen property not exceeding $950, a misdemeanor, under section 496, subdivision (a) (count 5).

On July 26, 2012, defendant entered into a plea agreement where he pled guilty to count 2, vandalism causing over $400 in damages, and admitted violating his probation in case No. FBI1000934, in exchange for the dismissal of the remaining count. Under the terms of the plea agreement, defendant was sentenced to 36 months of supervised probation, with conditions that included serving 24 days in county jail, with presentence credits of 12 actual days, plus conduct credits under section 4019. On August 23, 2012, the court awarded victim restitution in the stipulated amount of $499.25 to the victim in count 2.

Defendant filed a timely notice of appeal challenging "the validity of the plea." He also requested a certificate of probable cause, which the court denied. Thereafter,

appellate counsel filed an amended notice of appeal challenging "the sentence or other matters occurring after the plea."

On October 26, 2012, we ordered the appeals in these two cases consolidated under case No. E056921.

## STATEMENT OF FACTS

In both cases, defendant stipulated that there was a factual basis for his plea based on the police reports and the complaint.

In case No. FVI1000934, according to the complaint, between January 19 through February 28, 2010, defendant stalked M.F.

In case No. FVI1201823, according to the complaint, on or about July 15, 2012, defendant vandalized property, causing over $400 in damages, belonging to Juice It Up.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief in both cases, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

**DISPOSITION**

The judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

5